## CRAWFORD COUNTY
### V.
### ANDREW HULS.

1. REVENUE ACT.—Sections 93 and 97 of the Revenue Act must be construed together. One gives the county board power to order a re-assessment of the township; the other requires the township to pay for the services of the assessor. Where there is township organization the statute does not require the county to pay the township assessor in any event.

2. RE-ASSESSMENT OF TOWNSHIP, TOWNSHIP LIABLE FOR ASSESSOR'S SERVICES.—Where a county board of supervisors of a county under township organization, ordered a re-assessment to be made of a township, as the first assessment was grossly incorrect, and under this order the assessor made and returned another assessment, and the equalization was made on the basis of the latter assessment. Held, that the township and not the county was liable for the demand of the assessor for payment for services rendered in the re-assessment. It is equitable and just that the expense of the re-assessment should fall on the delinquent locality rather than on the whole county.

Mr. P. G. BRADBERRY and Mr. J. C. ALLEN, for appellant; cited R. S. 1881, Ch. 130, § 125; Revenue Act, Ch. 120, § 93.

A verdict must answer directly the issue: 6 Jacob's Law Dictionary, 343.

Messrs. CALLAHAN & JONES, and Messrs. PARKER & CROWLEY, for appellee.

BAKER, P. J. Crawford county is under township organization. Appellee was assessor for the township of Robinson in that county for the year 1882, and made his return of assessment for that year. The county board of supervisors at its July, 1882, meeting, passed a resolution declaring that the assessment so returned was grossly incorrect and could not be equalized on any basis that might be adopted, and ordered said assessment to be set aside, and further ordered that the township be re-assessed, so that the aggregate on personal property be increased to an amount not less than $25,000, and that the clerk of the board give the assessor notice, etc. Under this order the assessor and his deputies made and returned another assessment, and the equalization was made on the basis of this latter assessment.

Crawford Co. v. Huls.

On a trial in the circuit court it was held the county was liable to pay the township assessor for his services in making the re-assessment, and a judgment was rendered against it for $102.50.

Section 93 of the Revenue Act is as follows: "The pay of assessors and deputy assessors shall, from time to time, in counties not under township organization, be determined and fixed by the county board, and in counties under township organization by the town board of auditors. Such pay shall be for the time necessarily employed in making the assessment, to be paid county assessors and their deputies out of the county treasury, and town assessors and their deputies out of the town treasury."

Section 97 of the same act imposes certain duties on, and vests certain powers in, the county board, after the return of the assessment books. The last paragraph of the fourth clause of that section is: " If the county board of any county shall find the aggregate assessment of the county is too high or too low, or is generally so unequal as to render it impracticable to equalize such assessment fairly, they may set aside the assessment of the whole county or of any township or townships therein, and order a new assessment, with instructions to the assessors to increase or diminish the aggregate assessment of such county or township, as the case may be, by such an amount as said board may deem right and just in the premises, and consistent with this act."

These two sections of the statute must be construed together. One gives the county board power to order a re-assessment of the township; the other requires the township to pay for the services of the assessor. Where there is township organization the statute does not require the county to pay the township assessor in any event. Hence, it follows that the county is not, and that the township is, liable for the demand sued for in this case; and it is equitable and just the burden and expense of the re-assessment should fall on the delinquent locality rather than on the whole county.

As the judgment of the trial court was otherwise, that judgment is reversed.                                    Reversed.